## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| KATHERINE BROWN | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. |
| | ) | |
| GULFSTREAM PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | / | |

## COMPLAINT

COMES NOW the Plaintiff, KATHERINE BROWN, by and through her undersigned attorney and for the relief hereinafter requested, alleges as follows:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

**VENUE**

2. The property made the basis of this action is located at 1215 Landon Ave., Jacksonville, Duval County, Florida 32207 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**PARTIES**

3. The Plaintiff, KATHERINE BROWN, is an individual who was and still is the owner of the insured property and has been at all times material to the allegations set forth in the Complaint.

4. The Defendant, GULFSTREAM PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter referred to as Gulfstream) is a private insurance company qualified to do business in the state of Florida and participates in FEMA's "Write Your Own" (WYO) program. Gulfstream issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Gulfstream is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

**FACTUAL ALLEGATIONS**
**BREACH OF CONTRACT**

5. On July 11, 2017, Gulfstream issued an SFIP to the Plaintiff, namely, Policy No. 0000000837, for a one (1) year period, whereby Gulfstream agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part hereof, the

terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Gulfstream to the Plaintiff during the above-referenced time period.

6. The SFIP issued to the Plaintiff covered flood damage to the Plaintiff's dwelling and other structures as described under Coverage A up to a limit of $250,000; flood damage to Plaintiff's personal property and contents under Coverage B up to a limit of $100,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7. On or about September 10, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiff's land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to her building and contents and incurred expenses for debris removal and safe storage of her property.

8. The Plaintiff timely notified the Defendant of her loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiff. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is furnished as " a matter of courtesy only". As a result, payment was made to the Plaintiff pursuant to her SFIP for loss or damage to her insured property.

9. Plaintiff disagreed with the Defendant's estimate and payment on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs

unique to the Plaintiff's dwelling and her community; and, the adjuster used inappropriate and/or inadequate methods of repair. On September 6, 2018, as required by SFIP, Art.VII.J.4., Plaintiff submitted a request for additional payment evidenced by a Proof of Loss and a detailed, room by room, line item repair estimate reflecting the cost to repair all of the flood damaged items covered by the SFIP with materials of like kind and quality for like use.

10. The above described SFIP was in full force and effect at the time of the Plaintiff's loss and she has performed all conditions precedent entitling her to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to her insured property and will incur attorney fees and costs to collect the correct amount due under her policy.

WHEREFORE, Plaintiff demands judgment against the Defendant for an amount up to and including the coverage limits under her SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ SAMUEL W. BEARMAN

Samuel W. Bearman
Samuel W. Bearman, L.C.
Florida State Bar No. 216127
820 North 12th Avenue
Pensacola, FL. 32501
Tel: (850) 438-1000
Fax: (850) 438-1022
e-mail: sbearman@bearmanlaw.com

ATTORNEY FOR PLAINTIFF